# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| LENARD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-038 |
| | ) | |
| STATE OF GEORGIA and AL ST. LAWRENCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, confined in the Chatham County Detention Center, has filed a complaint pursuant to 42 U.S.C. § 1983 against the State of Georgia and Al St. Lawrence alleging that he has been deprived of his civil rights.[1] (Doc. 1.)

The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject

---

[1.] Plaintiff is advised that the mere inclusion of an "et al." in the complaint's caption is insufficient to state a claim against any unnamed defendants. Plaintiff must identify the defendant he is suing, or explain why a particular defendant cannot be identified without further information. See Fed. R. Civ. P. 8(a) (requiring pleadings to give some notice to defendants of a claim for relief).

to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); see also 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff brings several unrelated conditions of confinement claims. In addition to a rambling and incoherent recitation of law, he contends that the detention center's medical staff is inadequately trained, the detainees are not given their daily nutritional needs, and there is a staph infection running wild in the jail because the jail was built atop an old city landfill. (Doc. 1 at 5-6.) He also complains of the high commissary prices, the cramped conditions of confinement, and the use of a pay phone system rather than a free phone. (Id. at 5.)

To remedy these wrongs, he asks the Court to provide all detainees with a "clean and pure justice system, along with a total pardon from the State of Georgia." (Id. at 7.) Additionally, he seeks $2.5 million in compensatory damages, along with punitive damages for all inmates and their families. (Id.) He asks that all of the people who violated the detainee's civil rights be removed from their positions and "disbarred." (Id.) He wants an injunction against continuance of these actions and a grant for each detainee to obtain education and vocational training, housing, jobs, relocating expenses, transportation, and passports. (Id.) Finally, he asks for "a complete federal investigation of jail, staff, courts, judges, [district attorneys], et al." (Id.)

Plaintiff's complaint should be dismissed, as the Court cannot grant his requested relief. Granting pardons to secure release from custody is not a proper use of § 1983. When a state prisoner or detainee seeks immediate or speedier release from custody, the law is clear that "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Furthermore, the complaint is seriously flawed in at least three other respects, as plaintiff: (1)

3

improperly asserts several unrelated claims, (2) improperly names Al St. Lawrence under a theory of vicarious liability not cognizable under § 1983, and (3) names the state of Georgia as a defendant.

Plaintiff has crafted several unrelated causes of action into a single complaint. His claims are quite scattered. He alleges that the detainees are not provided their daily nutritional needs. (Doc. 1 at 5.) In another claim, he contends that the detention center is overrun with a staph infection. (Id.) He complains of the price of telephone calls and alleged detention center overcrowding. (Id.) Plaintiff provides the Court with no narrative linking his various claims. "A cause of action consists of a single core of operative facts which gives a plaintiff the right to seek redress for the wrong concerned." Tice v. Am. Airlines, Inc., 959 F. Supp. 928, 934 (N.D. Ill. 1997), rev'd on other grounds, 162 F.3d 966 (1998); 18 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2034 (2d ed. 1994). Additionally, allowing plaintiff to bring unrelated claims in a single suit would undermine the objectives of the PLRA. Under the PLRA, each complaint requires a fee payment, and "if a prisoner files more than three frivolous

complaints," the PLRA presents a "bar against future litigation." Schipull v. Dretke, 2006 WL 2844192, at *1 (S.D. Tex. Sept. 29, 2006). Filing multiple unrelated claims in one complaint offers a way around both the fee payment and the three-strike bar. Plaintiff, therefore, may not "circumvent the PLRA's objectives of deterring frivolous prisoner complaints" by presenting these unrelated claims in one action. Id.

Turning to the next flaw in the complaint, defendant Al St. Lawrence is not subject to suit under § 1983 based upon a theory of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A § 1983 plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or

custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Though he states that the commissary is "said to be owned by the sheriff's family," he never alleges that the sheriff himself sets food policies or has any personal control over the commissary or its prices. (Doc. 8 at 2.) Accordingly, plaintiff does not allege any causal connection between the alleged constitutional deprivations and any policies, customs, or conduct of Al St. Lawrence. Instead, he merely suggests his suspicions. Without more, plaintiff's claims relating to St. Lawrence are meritless.

Finally, the Eleventh Amendment bars plaintiff from suing a state or its agencies in federal court unless the state has expressly waived its sovereign immunity and consented to the suit. Welch v. Tex. Dep't of

6

Highways, 483 U.S. 468, 472-73 (1987); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The sovereign immunity granted by the Eleventh Amendment is not abrogated by the federal civil rights statutes. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989) ("§ 1983 was [never] intended to disregard the well-established immunity of a State from being sued without its consent"). Since the state has neither waived sovereign immunity nor consented to be sued in federal court, any claim plaintiff may be attempting to assert against the State of Georgia is barred under the Eleventh Amendment.

For all of the above reasons, plaintiff's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 2nd day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**